DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, the Village of Kipton and Stephen Gurchik, in his capacity as Kipton's law director, ("Village"), appeal the judgment of the Lorain County Court of Common Pleas that granted declaratory judgment in favor of Appellees, Brian B. Wood and Kimberly M. Wood ("the Woods"). We reverse and remand
 I. {¶ 2} The subject of this controversy is a paved road ("the road"). The road bisects a parcel of real property which is owned by the Woods and located in the Village of Kipton ("the property"). The Woods contend that the road is private. The Village maintains that the road is public, and that it is in fact a section of Haigh Road, a public thoroughfare running through Kipton.
 {¶ 3} On September 5, 2001, the Woods filed a complaint in the Lorain County Court of Common Pleas, seeking a declaratory judgment quieting title to the property. The Woods also requested ejectment of the Village and a permanent injunction barring the public and the Village from further passage over, through, or across the property.
 {¶ 4} Along with their complaint, the Woods filed a motion for a preliminary injunction. The Village filed a brief in opposition to the Woods' motion, propounding the alternative arguments that: (1) the road bisecting the Woods' property is a dedicated public road; (2) the public had acquired a prescriptive easement over the Woods' property; and (3) two deeds, recorded by the Woods' predecessors in interest, granted the public the right to use the road. Rejecting these arguments, the trial court granted the Woods' motion on April 25, 2002, issuing a preliminary injunction "prohibiting the passage over, through and across that portion of [the Woods'] property designated as Haigh Road."
 {¶ 5} The matter proceeded to a bench trial on December 11, 2002. In addition to referring back to the arguments made in its opposition to the preliminary injunction, the Village sought to introduce documents contained in a book maintained by the Lorain County Engineer, "Lorain County Road Record Book B." The Village argued that these documents show that the disputed passage was a segment of a corridor of land established as a public road, now known as Haigh Road, in 1861. The Woods contended that these documents are inadmissible, pursuant to R.C. 315.16, R.C.315.22, and R.C. 315.25. The trial court agreed and excluded the documents.
 {¶ 6} On February 26, 2003, the trial court entered judgment in favor of the Woods. The trial court found that the Appellants "failed to meet their burden of proof establishing any prescriptive, or other, right" to use the road. Accordingly, the trial court issued a judgment quieting title to the property, ejecting the Village, and permanently enjoining the Village and the public from further passage over, across, and through the Woods' property.
 {¶ 7} The Village timely appealed, asserting three assignments of error. The Lorain County Engineer filed an amicus brief in support of the Village's first assignment of error.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court erred when it rejected as evidence Lorain County Road Record Book B, an official record of the Lorain County Engineer (a record which is statutorily mandated by [R.C.] 5553.10)[.]"
 {¶ 8} Appellants, along with the Lorain County Engineer, argue that the trial court committed reversible error by ruling that pages 338-341 of Lorain County Road Record Book B (Defendants' Exhibits F-1, F-2, F-3, and F-4) were inadmissible pursuant to R.C. 315.16, R.C. 315.22, and R.C. 315.25. We agree.
 {¶ 9} As a trial court enjoys broad discretion in the exclusion and admission of evidence, this Court will not overturn an evidentiary ruling absent an abuse of discretion resulting in material prejudice. State v.Martin (1985), 19 Ohio St.3d 122, 129. See, also, State v. Cureton, 9th Dist. No. 01CA3219-M, 2002-Ohio-5547, at ¶ 29. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable." State v.Myers, 97 Ohio St.3d 335, 2002-Ohio-6658, at ¶ 75, citing State v.Adams (1980), 62 Ohio St.2d 151, 157. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621.
 {¶ 10} The trial court excluded F-1 to F-4 on the basis of R.C.315.16, R.C. 315.22, and R.C. 315.25. The admissibility of the four pages is simply not addressed by these three statutes.
 {¶ 11} R.C. 315.22 provides that "[n]o survey made by the county engineer or his deputy, unless made by order of the court of common pleas, or made in accordance with sections 315.15 to 315.18 of the Revised Code, shall be considered evidence." R.C. 315.16 provides the following standards for the calculation of the contents of a tract of land:
"When a survey or calculation is to be used as evidence, all calculations, by the county engineer or other person, to ascertain the contents of a tract of land shall be made by latitude and departure. On such plat, the person making such survey or calculation shall note the variation of the magnetic needle from the original course of such survey."
 {¶ 12} Together, these two statutes impose explicit restrictions upon the admissibility of surveys made by a county engineer or one of his deputies. R.C. 315.22 provides that such surveys are admissible only if they: (1) were made by order of a court of common pleas, or (2) comply with the standards delineated by a set of four statutes. R.C. 315.16 is one of the four statutes which set the standards required of surveys not made pursuant to an order of a court of common pleas.
 {¶ 13} As an initial matter, we note that, of the four excluded pages, only one, F-4, arguably contains a survey.[1] Therefore, F-4 is the only page of the four which is arguably within the ambit of R.C.315.22, which is directed only towards surveys.
 {¶ 14} R.C. 315.22's evidentiary restrictions are not merely limited to surveys in general; they are limited to surveys prepared by a county engineer or his deputy. As Appellee's counsel himself argued at trial, there is no indication that the survey contained in F-4 was made by a county engineer or his deputy. Therefore, R.C. 315.22 does not apply to F-4.
 {¶ 15} Appellees suggest that R.C. 315.16 operates not only as one of the standards referenced by 315.22, but also as an independent basis for excluding noncompliant materials. In other words, according to Appellees, even if R.C. 315.22 is inapplicable, R.C. 315.16 might nonetheless bar the admission of certain evidence. As Appellee notes, R.C. 315.16 is potentially broader in application than R.C. 315.22. It applies not only to surveys, but also to related calculations. Moreover, and more importantly for purposes of this appeal, it applies not only to materials prepared by county engineers or their deputies, but to those prepared by any "other person."
 {¶ 16} Assuming, for the sake of argument, that R.C. 315.16 may be used to exclude evidence even where R.C. 315.22 is inapplicable, its restrictions are nonetheless inapposite to Defendants' Exhibit F-4. R.C.315.16 establishes requirements for calculations and surveys used to ascertain the contents of a tract of land The Village did not seek to submit F-4 in order to prove the contents of a tract of land Rather, the Village sought to submit F-4 in order to show that the road bisecting the Woods' property was established as a public road in 1861.
 {¶ 17} The trial court also excluded F-1 to F-4 on the basis of R.C. 315.25, which provides, in relevant part:
"The county engineer shall make and keep, in a book provided for that purpose, an accurate record of all surveys made by him or his deputies for the purpose of locating any land or road lines, or fixing any corner or monument by which it may be determined, whether official or otherwise. Such surveys shall include corners, distances, azimuths, angles, calculations, plats, and a description of the monuments set up, with such references thereto as will aid in finding the names of the parties for whom the surveys are made, and the date of making such surveys. Such book shall be kept as a public record by the engineer at his office, and it shall be at all proper times open to inspection and examination by all persons interested therein. * * *"
 {¶ 18} Appellees have argued that R.C. 315.25 instructs that, because F-1 to F-4 were not produced by the county engineer, they are not official records. Instead, according to Appellees, the documents contain only inadmissible hearsay. We disagree.
 {¶ 19} Hearsay is a statement, oral or written, made by someone other than the declarant while testifying, which is offered to prove the truth of the matter asserted in the statement. Evid.R. 801(A) and (C). Hearsay is not admissible unless otherwise allowed by rule, statute, or constitutional provision. Evid.R. 802.
 {¶ 20} Evid.R. 803(8) contains a hearsay exception for public records and reports, and states in pertinent part:
"Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law as to which matters there was a duty to report * * * [are admissible] unless the sources of information or other circumstances indicate lack of trustworthiness."
 {¶ 21} Defendants' Exhibits F-1 to F-4 chronicle certain proceedings of the Lorain County Commission in 1861. The documents indicate that they were recorded by Richard Day, "Auditor 
Commissioner[']s Clerk." Lorain County Deputy Engineer Wayne Mileti testified to the authenticity of the F-1 to F-4, explaining that the book in which the four pages appear is kept in the office of the Lorain County Engineer as a public record.
 {¶ 22} F-1 to F-3, and a portion of F-4, recount actions taken by the commission pursuant to its authority, granted by the former versions of R.C. 5553.03 to 5553.16, to appropriate private land for use as a public road. Defendants' Exhibits F-1 to F-3, along with that portion of F-4 which relates the commission's actions, are therefore admissible under Evid.R. 803(8)(a) as records setting forth the activities of a public office.
 {¶ 23} F-4 contains not only a narrative of the activities of the commission, but also a record of a report and survey prepared by a surveyor, Joseph Swift. To the extent that F-4 relates observed matters, as opposed to the activities of the commission, its admissibility is governed not by Evid.R. 803(8)(a), but by Evid.R. 803(8)(b).
 {¶ 24} The foundational requirements for admission of official records pursuant to Evid.R. 803(8)(b) are: (1) the governmental employee or agent who is the source of the information must have personal knowledge of the event or condition described in the report; (2) the source must be under a legal duty to report the information; and (3) the official agency must be legally required to prepare and maintain the record. Weissenberger's Ohio Evidence (2003) 468-469, Section 803.106.
 {¶ 25} As F-1 to F-3 reveal, the Lorain County Commissioners ordered Joseph Swift to prepare the report and survey recorded in F-4. Mr. Swift was therefore acting as an agent of the commission, and was under a duty to report the requested information. The commission, in turn, was under a duty to prepare and maintain a record of Mr. Swift's report. The relevant statute effective in 1861, a predecessor to R.C.5553.10, required the commission to "cause * * * to be recorded" the "reports, survey and plat" prepared in connection with road appropriation proceedings. Therefore, the report prepared by Joseph Swift and recorded in F-4 is admissible under Evid.R. 803(8)(b).
 {¶ 26} Based on the preceding analysis, we find that the trial court abused its discretion by excluding Appellants' Exhibits F-1 to F-4. Moreover, we find that Appellants suffered material prejudice as a result of the exclusion of this evidence.
 {¶ 27} A private tract of land may be established as a public road by several methods, including: (1) statutory appropriation; (2) statutory dedication; (3) common law dedication; or (4) prescription. 1988 Ohio Atty.Gen.Ops. No. 395. Had Appellants been permitted to submit Exhibits F-1 to F-4 into evidence, they could have shown that the disputed property was established as a public road in 1861 via the first method listed above, statutory appropriation.
 {¶ 28} Appellants' first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR
"The Trial Court erred when it rejected the Village of Kipton's proof that it acquired an easement by prescription to that portion of Haigh Road which runs through the property of plaintiffs."
 THIRD ASSIGNMENT OF ERROR
"The trial court erred when it disregarded the deed reservations establishing in the public the right to and use [of] Haigh road as it ran through the property of plaintiffs."
 {¶ 29} Given this Court's resolution of their first assignment of error, Appellants' second and third assignment of error are rendered moot, and we decline to address them. See App.R. 12(A)(1)(c).
 III. {¶ 30} Appellants' first assignment of error is sustained and their second and third assignments of error are moot. The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for proceedings consistent with this decision.
Judgment reversed, and cause remanded.
Carr, J. and Whitmore, J. concur.
[1] In his testimony, Lorain County Deputy Engineer Wayne Mileti described the contents of this page as "a description of the survey of the road right-of-way laid out by the surveyor[.]"